STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL DOCKET
CRIMINAL ACTION
DOCKET NO. CR- 2016-184

STATE OF MAINE )
)
)
v. )
)
)
DYLAN J. DUPONT )

**ORDER ON DEFENDANT'S MOTION
TO SUPPRESS**

Before the Court is Defendant's Motion to Suppress.

I.      Statements of Fact

1.  Patrol Paul Doody found Defendant Dylan Dupont sleeping in a car parked on Bond Brook Road, West Gardiner, Maine with the engine running and with vomit on his hands and shirt on January 22, 2016.

2.  Patrol Doody observed that Defendant smelled strongly of alcohol and vomit.

3.  Patrol Doody brought Defendant to the West Gardiner Police Department.

4.  Defendant vomited numerous times at the Police Department.

5.   At the Police station, Patrol Doody attempted to perform a breathalyzer test on Defendant in order to determine Defendant's blood alcohol content.

6.  Defendant was unable to perform the test due to nearly constant vomiting.

1

7. Patrol Doody then brought Defendant to Maine General Medical Center to have blood drawn to test for blood alcohol content.

8. Patrol Doody read the implied consent warnings found in 29-A M.R.S. § 2521.

9. After being read the warnings, Defendant consented.

10. Defendant signed a hospital consent form allowing blood to be drawn.

11. Blood was taken and tested.


II.     Conclusions of Law

Defendant has moved the Court to suppress the results of the blood test taken at Maine General Hospital. Where evidence is discovered by way of an illegal search and seizure, that evidence is inadmissible. *State v. Johndro*, 2013 ME 106, ¶ 21, 82 A.3d 820. Defendant argues that the blood test results should be suppressed because the results were the fruit of an unconstitutional search.

The first question before the Court is whether the test results that Defendant seeks to suppress were found as a result of a search. The U.S. Supreme Court has held that a blood test ordered by law enforcement to determine the blood alcohol content of an individual is a search that is unjustified without a warrant. *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2184 (2016). Therefore, the Court finds that the blood test results were the result of a search.

Both the U.S. and Maine Constitutions protect against unreasonable searches. U.S. Const. amend. IV; Me. Const. art I, § 5. "A warrantless search is, as a matter of law, unreasonable unless: (1) it is supported by probable cause; and (2) exigent circumstances exist requiring a prompt search, without the delay occasioned by the need for a warrant; or (3) the search is pursuant to another recognized

2

exception to the warrant requirement." *State v. Leonard*, 2002 ME 125, ¶12, 802 A.2d 991. In this case, there was no warrant.

The State argues that no warrant was needed because Defendant consented to the search. Consent to search by the person to be searched is an exception to the warrant requirement. *State v. Koucoules*, 343 A.2d 860, 866 (Me. 1974). The State bears the burden of showing the legal sufficiency of Defendant's consent. *Id.*

It is a question of fact whether consent to search was voluntarily given. *State v. Koucoules*, 343 A.2d at 873. Consent is voluntarily given where the person to be searched "freely and knowingly" agrees to the search. *State v. Kremen*, 2000 ME 117; *citing State v. Collins*, 297 A.2d 620, 626 (Me. 1972). "[C]onsent [must] be 'knowledgeable' and 'intelligent' and not a product of 'duress' or 'coercion,' 'express or implied'." *Koucoules*, 343 A.2d at 872-76.

In this case, Defendant was found asleep in his own vomit. He vomited "many times" thereafter, making it impossible to wait the necessary fifteen minutes to properly test his blood alcohol content by breathalyzer. All testimony suggests that Defendant was very ill. There is no recording of the reading of the implied consent, or other evidence showing that Defendant was able to make a voluntary choice at that time. The State has not produced any evidence suggesting that, despite Defendant's obvious and overwhelming illness, consent was "knowledgeable and intelligent". Although the State produced a photocopy of the "consent" form signed by the Defendant at the hospital which was admitted in evidence, no one from the hospital was called to testify about the circumstances surrounding the signing. The State has failed to carry its burden of showing that, at the time consent was given, Defendant did so "freely and knowingly".

3

III.    Conclusion

Because the State did not have a warrant for the search by blood test, and because the Court finds that the State has failed to show that consent was given voluntarily, the Court finds that the search was unlawful and therefore suppresses any evidence found pursuant to the search.

Dated: 10/31/16

Michaela Murphy
Justice, Superior Court